UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICARDO ESTRADA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C14-5590 BHS<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME AND DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

This matter comes before the Court on Petitioner Ricardo Estrada's ("Estrada") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 3, 2011, Estrada was arrested. Dkt. 1. The following day, Estrada was charged by criminal complaint. *Id.* On August 18, 2011, Estrada was indicted on the following eight counts: (1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A); (2) distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(C); (3) possession of a firearm in furtherance of a drug trafficking crime in

ORDER - 1

violation of 18 U.S.C. § 924(c)(1)(A); (4) distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A); (5) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); (6) distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A); (7) distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B); and (8) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A). CR11-5413, Dkt. 16.

Estrada's attorney negotiated a plea agreement. Pursuant to the plea agreement, Estrada pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B) and to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(1). CR11-5413, Dkts. 86, 90. Estrada had a guideline sentencing range of 188 to 235 months. CR11-5413, Dkt. 103 at 1. The plea agreement included a joint recommendation of twelve years imprisonment. CR11-5413, Dkt. 90 at 6. On August 5, 2013, the Court sentenced Estrada to twelve years in custody. CR11-5413, Dkt. 112.

On July 28, 2014, Estrada filed the instant motion for relief under 28 U.S.C. § 2255. Dkt. 1. On November 7, 2014, the Government responded. Dkt. 5. On May 8, 2015, Estrada filed an unopposed motion for an extension of time to file his reply.[1] Dkt. 13. On May 29, 2015, Estrada replied. Dkt. 16. On June 11, 2015, Estrada filed a declaration in support of his reply. Dkt. 18.

---

[1] On May 8, 2015, Estrada retained counsel to assist him in replying to the Government's response. Dkt. 13. Estrada requested additional time to file his reply brief so that his counsel could acquaint himself with the issues. *Id.* The Court finds good cause to grant the requested extension of time.

## II. DISCUSSION

Estrada seeks to reduce his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. Dkt. 1.

**A.    28 U.S.C. § 2255**

Under 28 U.S.C. § 2255, the Court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petition under section 2255 for ineffective assistance of counsel is considered a collateral attack. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 676 (1984).

**B.    Ineffective Assistance of Counsel**

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Id.* at 687. The Court evaluates ineffective assistance of counsel claims under the two-prong test set forth in *Strickland*. Under *Strickland*, Estrada must prove (1) that his counsel's performance was deficient, and (2) that this deficient performance was prejudicial. *Id.*

To establish deficient performance, Estrada must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. The Court must apply a "strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689. With respect to prejudice,

Estrada must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Estrada claims that he received ineffective assistance of counsel because his counsel (1) failed to file a motion to suppress; (2) failed to argue sentencing entrapment; (3) failed to argue that a traffic stop was pretextual; and (4) failed to argue that the firearm was not used in furtherance of a drug trafficking crime. Dkt. 1. The Court will address each of these arguments in turn.

### 1. Motion to Suppress

Estrada first argues that his counsel failed to file a motion to suppress GPS tracking evidence based on *United States v. Jones*, 132 S. Ct. 945 (2012). *Id.* at 5. To prevail on this claim, Estrada must show (1) the motion to suppress was meritorious, and (2) there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

In *Jones*, the Supreme Court held that the installation of a GPS device on a suspect's vehicle to monitor the vehicle's movements constitutes a search under the Fourth Amendment. 132 S. Ct. at 949. The *Jones* decision overruled Ninth Circuit precedent, which did not require law enforcement officers to obtain a warrant prior to installing a GPS tracking device on a vehicle. *See United States v. Pineda-Moreno*, 591 F.3d 1212, 1216–17 (9th Cir. 2010), *vacated by* 132 S. Ct. 1533 (2012); *United States v. McIver*, 186 F.3d 1119, 1126–27 (9th Cir. 1999).

Estrada has failed to demonstrate that a motion to suppress based on *Jones* would have been meritorious in this case. Although law enforcement installed a GPS tracking device without a warrant, the tracking device was installed prior to August 2011 and thus before the Supreme Court decided *Jones* in January 2012. At the time the tracking device was installed, Ninth Circuit precedent allowed law enforcement officers to install GPS tracking devices on vehicles without a warrant. *See Pineda-Moreno*, 591 F.3d at 1216–17; *McIver*, 186 F.3d at 1127. Law enforcement's actions in this case were therefore consistent with binding Ninth Circuit case law. "[S]earches conducted in objectively reasonable reliance on binding appellate precedent [that is later overruled] are not subject to the exclusionary rule." *Davis v. United States*, 131 S. Ct. 2419, 2423–24 (2011). Accordingly, any evidence obtained from the GPS tracking device would not have been subject to the exclusionary rule. Counsel's failure to file a motion that is meritless in light of binding precedent does not constitute ineffective assistance of counsel. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

Estrada has also failed to demonstrate that the result of this proceeding would have been different even if the GPS tracking evidence was excluded. The record does not indicate what, if any, evidence was obtained from the GPS tracking device. The record also does not indicate that the GPS evidence played any role in law enforcement's investigation. Indeed, there is no mention of GPS tracking evidence in the criminal complaint or indictment.

For the foregoing reasons, the Court denies this claim for relief.

ORDER - 5

### 2. Sentencing Entrapment

Next, Estrada contends that he received ineffective assistance of counsel because his attorney did not argue that he was a victim of sentencing entrapment. Dkt. 1 at 6. Sentencing entrapment "occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment." *United States v. Castaneda*, 94 F.3d 592, 594 (9th Cir. 1996). "In making a sentencing entrapment claim, the burden is on the defendant to demonstrate both the lack of intent . . . and the lack of capability to [commit the offense] at issue." *United States v. Naranjo*, 52 F.3d 245, 250 n.13 (9th Cir. 1995).

Upon review of the record, there was not an adequate basis for Estrada's counsel to make a sentencing entrapment argument. Estrada claimed to have access to large amounts of methamphetamine during conversations with the confidential source. For example, Estrada told the confidential source that he was expecting to receive ten to fifteen pounds of methamphetamine soon. CR11-5413, Dkt. 1 at 9. Estrada was ultimately arrested with joint possession of almost fifteen pounds of methamphetamine. CR11-5413, Dkt. 110 at 4. Although Estrada's declaration indicates that he was close friends with the confidential source, *see* Dkt. 18, this evidence does not establish that Estrada lacked the intent or capability to sell large amounts of methamphetamine. Given these circumstances, it is unlikely that Estrada's counsel could have successfully raised a sentencing entrapment argument. Thus, counsel's decision not to do so was objectively reasonable. The Court denies this claim for relief.

### 3. Traffic Stop

Estrada also contends that his counsel failed to argue that law enforcement conducted an illegal search of the van based on a pretextual traffic stop. Dkt. 1 at 8. A police officer may conduct a traffic stop if the officer has "probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). "The fact that the alleged traffic violation is a pretext for the stop is irrelevant, so long as the objective circumstances justify the stop." *United States v. Wallace*, 213 F.3d 1216, 1219 (9th Cir. 2000). Additionally, police officers may "conduct a warrantless search of a vehicle if they have probable cause to believe that it contains contraband." *United States v. Hernandez*, 262 F.3d 974, 977–78 (9th Cir. 2001).

The record reflects that law enforcement had probable cause to believe Estrada was on his way to deliver drugs when they stopped the van. *See* CR11-5413, Dkt. 1 at 11. Accordingly, Estrada's counsel reasonably decided not to argue that the traffic stop was pretextual. Because Estrada fails to establish that his counsel's performance was deficient, the Court denies this claim for relief.

### 4. Firearm Element

Finally, Estrada contends that his counsel failed to argue that the firearm was not used "in furtherance" of the conspiracy to distribute methamphetamine. Dkt. 1 at 9. To prove that a defendant possessed a firearm in furtherance of a drug tracking crime, "the government must show that the defendant possessed the weapon to promote or facilitate the underlying crime." *United States v. Arreola*, 467 F.3d 1153, 1160 (9th Cir. 2006) (internal quotation marks omitted). The Government can establish this element if "facts

in evidence reveal a nexus between the guns discovered and the underlying offense." *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004).

Estrada delivered a gun to the confidential source on June 2, 2011. CR11-5414, Dkt. 1 at 7. Estrada told the confidential source that he owed $500 for the gun, and that the confidential source could pay this amount during the next drug transaction. *Id.* As part of his plea agreement, Estrada admitted that he understood the gun would be used to protect drugs and drug proceeds. CR11-5414, Dkt. 90 at 7. Together, these facts indicate a nexus between the firearm and the underlying conspiracy to distribute methamphetamine. Moreover, Estrada's counsel negotiated a plea agreement that recommended a sentence well below the guideline sentencing range. *Compare* CR11-5413, Dkt. 90 at 6 (plea agreement sentence of 132 months), *with* CR11-5413, Dkt. 103 at 1 (guideline sentence of 188 to 235 months). Under these circumstances, counsel's decision not to challenge the "in furtherance" element did not constitute ineffective assistance of counsel. The Court denies this claim as well.

### III. ORDER

Therefore, it is hereby **ORDERED** that Estrada's motion for an extension of time (Dkt. 13) is **GRANTED**. Estrada's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

Dated this 16th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge